Filed 3/4/16  In re Bode CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re ZANDLE RODRICK BODE<br><br>    on Habeas Corpus. | G053117<br><br>(Super. Ct. No. 96NF2167)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Loleena Ansari for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*        \*        \*

THE COURT: *

Petitioner, Zandle Rodrick Bode, seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On October 9, 2015, the trial court denied Zandle Rodrick Bode's petition for resentencing pursuant to Penal Code section 1170.126. According to trial counsel's declaration, when Bode stated he wanted to appeal the trial court's ruling, counsel advised Bode that he would file a timely notice of appeal on his behalf. According to counsel, he prepared a timely notice of appeal on December 8, 2015, but his clerical staff inadvertently failed to file the notice of appeal until the following day. Because the last day to file a timely notice of appeal was December 8, 2015, the superior court stamped the notice of appeal "Received but not Filed [¶] December 09, 2015."

The Attorney General has advised this court that she did not oppose granting the petition without the issuance of an order to show. (*People v. Romero* (1994) 8 Cal.4th 728.)

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant requests that counsel file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney who has been asked to file a notice of appeal on behalf of a client has a duty to file a proper notice of appeal. (Pen. Code § 1240.1, subd. (b).) Bode's reasonable reliance on the promise of trial counsel to file a timely notice of appeal entitles him to the relief requested.

The petition is granted. On Bode's behalf, Attorney Loleena Ansari is directed to prepare and file a notice of appeal in Orange County Superior Court case No. 96NF2167, and the clerk of the superior court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final. Further proceedings, including

_____

* Before Rylaarsdam, Acting P. J., Fybel, J., and Ikola, J.

2

the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final forthwith.